# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

DARIUS DEWAYNE EVERETT CLAY,
ADC #139928                                                             PLAINTIFF

V.                          2:18CV00026 BSM/JTR

SMITH, Sergeant,
East Arkansas Regional Unit, ADC, et al.                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.  An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

1

## I. Introduction

Plaintiff Darius Dewayne Everett Clay ("Clay") is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction. He has filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants violated his constitutional rights. *Docs. 2 & 3*. Before Clay may proceed with action, the Court must screen his allegations.[1]

## II. Discussion

Clay alleges that Defendants Sergeant Smith, Sergeant Cothren, Lieutenant Munn, and Captain Randle violated his due process rights in connection with a Major Disciplinary he received, on December 27, 2017, for having a cell phone in prison. *Id.* As punishment for that offense, Clay: (1) lost his commissary, phone, and visitation privileges for sixty days; (2) spent thirty days in punitive isolation; (3) received a reduction in class; and (4) lost 839 days of good time credits. *Doc. 3 at 11*.

Clay was entitled to procedural due process during his prison disciplinary

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

hearing, *only* if he had a liberty interest at stake during that proceeding. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Clay did *not* have a liberty interest in maintaining his classification level;[2] avoiding temporary placement in punitive isolation;[3] or having commissary, phone, and visitation privileges.[4] It is unclear whether Clay had a federally protected liberty interest in keeping his earned good time credits. *See Wolff v. McDonnell,* 418 U.S. 539, 555-58 (1974); *McKinnon v. Norris*, 231 S.W.3d 725, 729-30 (Ark. 2006). However, to the extent that Clay does have such a liberty interest, he must pursue the restoration of his good time credits in a federal habeas action, and not a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Importantly, the Supreme Court has extended this holding to cases in which a prisoner seeks damages, in lieu of or in addition to the restoration of good time credits. *Heck v. Humphrey*, 512 U.S. 477 (1994) (providing that, if an award of damages to a prisoner in a civil rights action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim could be brought until

---

[2] *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990).

[3] *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips,* 320 F.3d at 847; *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002).

[4] *Phillips,* 320 F.3d at 847*; Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996).

the conviction or sentence was reversed, expunged, or called into question by a state tribunal or federal habeas court); *Edwards v. Balisok*, 520 U.S. 641 (1997) (applying the *Heck* holding to prison disciplinary convictions); *Portley-El v. Brill,* 288 F.3d 1063, 1066 (8th Cir. 2002) (same).

Accordingly, Clay's due process challenge to his December 27, 2017 disciplinary conviction should be dismissed, without prejudice, so that he can pursue his state court remedies aimed at having it reversed, expunged, or called into question. If those state remedies are unsuccessful, Clay may then file a federal habeas action. Only after Clay has prevailed in overturning his disciplinary conviction, in either state or federal court, can he file a § 1983 action for damages.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Clay's Complaint and Amended Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).[5]

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be

---

[5] *See Armentrout v. Tyra,* Case No. 98-3161, 1999 WL 86355 (8th Cir. Feb. 9, 1999) (unpublished opinion) (holding that an action dismissed without prejudice under *Heck*, is a "strike" as defined by 28 U.S.C. § 1915(g)).

taken in good faith.

Dated this 20th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE